IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CAMORAY WATHEN ESCOBAR, | § | |
| | § | |
| *Plaintiff,* | § | SA-26-CV-01741-MA |
| | § | |
| vs. | § | |
| | § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES (DFPS), CASA OF CENTRAL TEXAS, ALYSSA MILLER, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, (CURRENT CASEWORKER); TERESA MORALES, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, (COURT-APPOINTED ATTORNEY); MISTY TILLER, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, (GUARDIAN AD LITEM);  UNKNOWN DFPS EMPLOYEES, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; STEVEN HARKIEWICZ, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, (FORMER COURT-APPOINTED ATTORNEY); DYANNARA GUTIERREZ, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, (PRIOR CASEWORKER); TASHA MYERS, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; SUPERVISOR FNU JORDAN, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AND TODD LAMPI, BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, (PRIOR FOSTER PARENT); | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

1

**To the Honorable United States District Judge Micaela Alvarez:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings, including an order on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). Plaintiff's Emergency Motion for Ex Parte Temporary Restraining Order [#2] and Motion to Invalidate State Court Proceedings and Termination Order, and Supplemental Memorandum in Support of Emergency Temporary Restraining Order and Preliminary Injunction [#6] have also been referred to the undersigned [#9]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for failure to state a claim on which relief may be granted, for lack of subject-matter jurisdiction, and for failure to comply with an order of this Court.

## I.  Background

Plaintiff filed this case on March 17, 2026. Thereafter, the undersigned granted Plaintiff's motion to proceed IFP but ordered Plaintiff to file a More Definite Statement to assist the Court in evaluating her Complaint under the standards set forth in 28 U.S.C. § 1915(e). (*See* MDS Order [#11].)

Plaintiff's Complaint alleges violations of Title II of the Americans with Disabilities Act ("ADA"), violations of the Indian Child Welfare Fact ("ICWA"), and Fourth and Fourteenth Amendment violations by the following defendants: the Texas Department of Family and Protective Services (DFPS); CASA of Central Texas; various individuals working for DFPS who participated in the seizure of her two minor children, including current and former caseworkers, in their individual and official capacities; current and former court-appointed attorneys; her

2

children's guardian ad litem; and her children's prior foster parent.  Plaintiff asks the Court to issue an emergency Temporary Restraining Order, declare DFPS's termination of Plaintiff's parental rights void under 25 U.S.C. § 1914, order the immediate return of Plaintiff's children to her custody, and award punitive and compensatory damages totaling $50,000,000.

In response to the MDS Order, Plaintiff filed a More Definite Statement on May 13, 2026 [#12].  Plaintiff's More Definite Statement fails to respond to Questions (2) through (8) of the MDS Order, which seek clarification regarding the procedural posture of the state-court proceedings underlying this lawsuit and basic facts related to the constitutional violations alleged by Plaintiff.  Plaintiff's response also fails to attach any of the documents requested in the MDS Order to aid in evaluating her complaint, which include any pertinent Bexar County court orders or judgments and the judicial order authorizing the removal of Plaintiff's children referenced in her pleadings.

## II.  Analysis

As MDS Order explained, the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).  Furthermore, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b).  Plaintiff has failed to state plausible claims for relief under the ADA and ICWA. Meanwhile, Plaintiff's claims for damages must be dismissed for lack of jurisdiction as barred by the Eleventh Amendment.  Plaintiff's remaining claims for injunctive relief should be dismissed for lack of subject-matter jurisdiction and for failure to comply with an order of this Court.

### A. Americans with Disabilities Act

As explained in the MDS Order, Plaintiff has failed to state a plausible claim under the ADA. Title II of the ADA prohibits discrimination in the provision of public services. 42 U.S.C. §§ 12131, *et seq*. To establish a prima facie case of discrimination under Title II of the ADA, a plaintiff must demonstrate that (1) she is a qualified individual within the meaning of the ADA; (2) she is being excluded from participation in, or being denied the benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination is by reason of her disability. *Melton v. Dallas Area Rapid Transit*, 91 F.3d 669, 671-72 (5th Cir. 2004). Plaintiff asserts that, after she disclosed qualifying disabilities of bipolar disorder, post-traumatic stress disorder, and generalized anxiety disorder, DFPS "refused reasonable accommodations, used discriminatory practices, and denied Plaintiff meaningful access to the case." Plaintiff does not allege any facts indicating that she was excluded from participation in court proceedings by reason of her disability, nor does her proposed Complaint include any facts related to the alleged refused accommodations or discriminatory practices. This claim should therefore be dismissed.

### B. Indian Children Welfare Act

Plaintiff's claim under the ICWA should also be dismissed for failure to state a plausible claim for relief. Plaintiff's proposed Complaint alleges that the state court's order terminating her parental rights is void under 25 U.S.C. § 1914 because the court "ignored the mandatory stay and jurisdictional requirements" of 25 U.S.C. § 1912(a). Section 1912(a) of the Indian Child Welfare Act provides the following:

> In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, *the party seeking the foster care placement of, or*

*termination of parental rights to, an Indian child shall notify the parent **or** Indian custodian and the Indian child's tribe*, by registered mail with return receipt requested, *of the pending proceedings and of their right of intervention.* If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary . . . who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary . . .

25 U.S.C. § 1912(a) (emphasis added).

Plaintiff's claim for relief under the Indian Child Welfare Act appears to be based on a misreading of the statute. Plaintiff alleges that, after she "formally disclosed Choctaw and Cherokee lineage," "DFPS failed to notify the Tribes" until over a month after state court proceedings regarding Plaintiff's parental rights began. However, according to the facts alleged in Plaintiff's pleadings, the children's parent (Plaintiff) had notice of and was actively exercising her right of intervention in the proceedings at the time the state court trial began. The party seeking the termination of Plaintiff's parental rights was therefore not required to provide notice of the pending proceedings to an "Indian custodian and the Indian [children's] tribes." Plaintiff has therefore failed to state a plausible claim under the Indian Child Welfare Act.

## C. Claims for Damages Pursuant to 42 U.S.C. § 1983

Plaintiff brings claims for damages against DFPS and individual employees of the department in their official and individual capacities pursuant to 42 U.S.C. § 1983 arising from alleged Fourth and Fourteenth Amendment violations. As stated in the MDS Order, the Court lacks jurisdiction over Plaintiff's claims for monetary damages against DFPS and individual employees of the department sued in their official capacities. Suits against state officers in their official capacities seeking the payment of moneys from the state treasury for damages are barred

5

by the Eleventh Amendment absent waiver of sovereign immunity. *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984). Neither the State of Texas nor Congress has waived Texas's sovereign immunity for Section 1983 claims. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). The Texas Department of Family and Protective Services is an arm or agency of the State of Texas that also has not waived its immunity. *See Thomas v. Tex. Dep't of Family & Prot. Servs.*, 427 F. App'x 309, 312 (5th Cir. 2011); *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990). Plaintiff's claims for monetary damages against DFPS and individual employees of the department sued in their official capacities must therefore be dismissed for lack of jurisdiction as barred by the Eleventh Amendment.

**D. Claims for Injunctive Relief**

Plaintiff also requests that this Court order the immediate return of Plaintiff's children to her custody and enjoin Defendants from continuing to subject her children to state-created danger by keeping them out of her custody. In support of these requests for injunctive relief, Plaintiff alleges the following constitutional violations, including claims against both the DFPS- and non-DFPS-affiliated Defendants named in this lawsuit: 1) violations of Fourteenth Amendment due process rights and 42 U.S.C. § 1985 based on falsified guardian ad litem reports and DFPS caseworkers' bribery and manipulation of a child witness; 2) a Fourth Amendment violation based on DFPS's warrantless entry into her home and removal of her children without a signed judicial order; and 3) a Fourteenth Amendment violation based on "state-created danger" due to DFPS's alleged endangerment of the children's safety.

The MDS Order explicitly notified Plaintiff of potential jurisdictional defects with Plaintiff's claims for injunctive relief. Accordingly, the undersigned ordered Plaintiff to answer a series of questions related to the facts underlying the state-court proceedings at the heart of this

suit.    While Plaintiff's response fails to provide answers to most of these questions, the additional facts that were provided fail to assuage the undersigned's concerns surrounding the Court's jurisdiction over Plaintiff's claims for relief.

The *Rooker-Feldman* doctrine usually bars an individual from filing a civil rights suit in federal court to collaterally attack a state civil judgment.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  This doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment.  *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).  Therefore, in most cases, a plaintiff cannot collaterally attack a state court judgment in this Court.  Furthermore, it is well-established that federal courts do not have jurisdiction to decide domestic relations disputes. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (noting that "[a]s a general rule, federal courts refuse to hear 'suits for . . . child custody . . . .'"); *Saloom v. Texas Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429–30 (5th Cir. 2014) (stating that the "domestic relations exception" to federal jurisdiction "applies to prevent federal courts from issuing or modifying 'a divorce, alimony, or child custody decree'") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)).

The Fifth Circuit has explained that the *Rooker-Feldman* doctrine does not bar a federal lawsuit if the alleged injuries were caused by the defendants' actions rather than the state court judgment.  *Saloom*, 578 F. App'x at 429.  It does, however, apply when the plaintiff seeks the "review and rejection" of a state court judgment.  *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  In *Saloom*, the Fifth Circuit found that a plaintiff's

allegations of due process and civil rights violations surrounding the warrantless removal of her child by Texas Department of Family and Protective Services employees were not barred by *Rooker-Feldman* or the domestic relations exception. *Saloom*, 578 F. App'x at 428. Ms. Saloom, however, did not seek the rejection of the state court's custody order nor the return of her child to her custody. *Id*. In contrast, the relief that Plaintiff seeks in the case at hand squarely seeks to invalidate and enjoin the enforcement of the state court's custody order. As a result, all of Plaintiff's claims for injunctive relief fail as a matter of law against all Defendants.

Furthermore, the MDS Order requested specific information from Plaintiff—information necessary to evaluate whether Plaintiff can state a claim—but she failed to provide it. First, despite the order to do so, Plaintiff has failed to elaborate on the circumstances surrounding the removal of her children. She has also failed to attach the state-court order terminating her parental rights, referenced in her More Definite Statement, despite being ordered to do so. As the undersigned warned Plaintiff in the order for a More Definite Statement, the Court may therefore dismiss Plaintiff's Complaint for failure to comply with an order of this Court. *McCullough*, 835 F.2d at 1127; Fed. R. Civ. P. 41(b).

In light of the foregoing, the undersigned will recommend dismissal of this case for failure to state a claim upon which relief may be granted, for lack of subject-matter jurisdiction, and for failure to follow a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED**.

As the undersigned recommends dismissal of this case pursuant to 28 U.S.C. § 1915(e), this recommendation does not address Plaintiff's Emergency Motion for Ex Parte Temporary Restraining Order [#2] and Motion to Invalidate State Court Proceedings and Termination Order, and Supplemental Memorandum in Support of Emergency Temporary Restraining Order and Preliminary Injunction [#6].    These motions should be **dismissed as moot** if this recommendation is adopted.

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

9

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 2nd day of June, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE