**FILED**

July 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____CM_____

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CAMORAY WATHEN ESCOBAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:26-CV-01741-MA |
| | § | |
| TEXAS DEPARTMENT OF FAMILY AND | § | |
| PROTECTIVE SERVICES (DFPS), CASA OF | § | |
| CENTRAL TEXAS, ALYSSA MILLER, | § | |
| BOTH IN THEIR INDIVIDUAL AND | § | |
| OFFICIAL CAPACITIES, (CURRENT | § | |
| CASEWORKER); TERESA MORALES, | § | |
| BOTH IN THEIR INDIVIDUAL AND | § | |
| OFFICIAL CAPACITIES, (COURT- | § | |
| APPOINTED ATTORNEY); MISTY TILLER, | § | |
| BOTH IN THEIR INDIVIDUAL AND | § | |
| OFFICIAL CAPACITIES, (GUARDIAN AD | § | |
| LITEM); UNKNOWN DFPS EMPLOYEES, | § | |
| BOTH IN THEIR INDIVIDUAL AND | § | |
| OFFICIAL CAPACITIES; STEVEN | § | |
| HARKIEWICZ, BOTH IN THEIR | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITIES, (FORMER COURT- | § | |
| APPOINTED ATTORNEY); DYANNARA | § | |
| GUTIERREZ, BOTH IN THEIR | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITIES, (PRIOR CASEWORKER); | § | |
| TASHA MYERS, BOTH IN THEIR | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITIES; SUPERVISOR FNU JORDAN, | § | |
| BOTH IN THEIR INDIVIDUAL AND | § | |
| OFFICIAL CAPACITIES; AND TODD | § | |
| LAMPI, BOTH IN THEIR INDIVIDUAL | § | |
| AND OFFICIAL CAPACITIES, (PRIOR | § | |
| FOSTER PARENT), | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed June 2, 2026.[1]

This case arises from state child custody proceedings in which Plaintiff Camoray Wathen Escobar ("Plaintiff") challenges the removal of her children and the termination of her parental rights. Plaintiff commenced this action on March 17, 2026, asserting claims under Title II of the Americans with Disabilities Act (ADA), the Indian Child Welfare Act (ICWA), and 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments.[2] Plaintiff seeks injunctive and monetary relief, including a temporary restraining order, invalidation of the state court's termination order, the return of her children, and $50,000,000 in damages.[3]

Plaintiff concurrently moved to proceed in forma pauperis ("IFP") and sought emergency injunctive relief.[4] On May 7, 2026, the magistrate judge granted IFP status but determined that the Complaint failed to state plausible claims under the ADA and ICWA and raised significant jurisdictional concerns regarding the § 1983 claims, including potential bars under the Eleventh Amendment and the Rooker-Feldman doctrine.[5] The court ordered Plaintiff to file a More Definite Statement addressing eight specific deficiencies, including details about the underlying state proceedings and the factual basis for her constitutional claims.[6]

Plaintiff filed a More Definite Statement on May 13, 2026,[7] but failed to respond to most of the court's questions and requested documentation. The magistrate judge found that these deficiencies remained uncorrected and concluded that: (1) the ADA and ICWA claims fail to state

---

[1] Dkt. No. 13.
[2] Dkt. No. 11, at 5.
[3] Dkt. No. 11, at 5–6.
[4] Dkt. Nos. 1–2.
[5] Dkt. No. 10, at 3–7.
[6] Dkt. No. 10, at 7.
[7] Dkt. No. 12.

a claim; (2) claims for damages against state entities and officials in their official capacities are barred by sovereign immunity; and (3) the requested injunctive relief is barred by jurisdictional doctrines, including Rooker-Feldman and the domestic relations exception, as it seeks to overturn a state court custody determination.[8] The magistrate judge further found dismissal warranted under Federal Rule of Civil Procedure 41(b) for failure to comply with the court's order for a More Definite Statement.[9] Accordingly, the magistrate judge recommended dismissal of the action in its entirety and denial of all pending motions as moot.[10]

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on June 2, 2026, and received on June 15, 2026.[11] No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

---

[8] Dkt. No. 13, at 3–8.
[9] Dkt. No. 13, at 8.
[10] Dkt. No. 13, at 8–9.
[11] Dkt. No. 15.

The Clerk is **DIRECTED** to mail a copy of this Order to **Camoray Wathen Escobar** at

**3880 Diversey Drive, Converse, Texas 78109.**

IT IS SO ORDERED.

DONE this 2nd day of July, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE